**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARY STIRK,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CRACKER BARREL OLD COUNTRY STORE, INC.<br><br>　　　　　　Defendant. | DOCKET NO. 12-cv-10611-RBC |

**DEFENDANT CRACKER BARREL OLD COUNTRY STORE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Cracker Barrel Old Country Store, Inc. ("Defendant") answers the numbered paragraphs of Plaintiff Mary Stirk's ("Plaintiff") Complaint ("Complaint") as follows:

1.　Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 1 of the Complaint, and therefore denies the same. Further answering, Defendant states that at the time of Plaintiff's termination from employment with Defendant, Defendant's employment records for Plaintiff indicated that Plaintiff resided in Londonderry, New Hampshire. Defendant admits the allegations contained in the second sentence of paragraph 1 of the Complaint.

2.　Defendant admits the allegations contained in paragraph 2 of the Complaint. Further answering, Defendant admits that it operates a "Cracker Barrel Old Country Store" retail and restaurant location at 1795 Andover St., Tewksbury, Massachusetts.

3.　Defendant states that paragraph 3 of the Complaint contains legal and factual conclusions to which no response is required. To the extent paragraph 3 contains legal and factual assertions to which a response is required, Defendant denies the allegations contained paragraph 3 of the Complaint.

4. Defendant admits that it (and/or a related corporate entity) employed Plaintiff from on or about October 3, 2006 until on or about September 3, 2011. Defendant admits that at the time Defendant terminated Plaintiff's employment, Plaintiff held the title of server. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore denies the same.

8. Defendant states that paragraph 8 of the Complaint contains legal and factual conclusions to which no response is required. To the extent paragraph 8 contains legal and factual assertions to which a response is required, Defendant denies the allegations contained paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant states that paragraph 10 of the Complaint contains legal and factual conclusions to which no response is required. To the extent paragraph 10 contains legal and factual assertions to which a response is required, Defendant denies the allegations contained paragraph 10 of the Complaint.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant states that paragraph 12 of the Complaint contains legal and factual conclusions to which no response is required. To the extent paragraph 12 contains legal and factual assertions to which a response is required, Defendant denies the allegations contained paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested by Plaintiff in her unnumbered "Wherefore" paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any employment actions taken with respect to Plaintiff were based upon legitimate and non-discriminatory factors and not on Plaintiff's age.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches, estoppel, unclean hands, waiver, and/or acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to adequately mitigate her damages, if any, entitlement to which is expressly denied.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiff failed to fulfill the conditions and/or terms of employment.

### SIXTH AFFIRMATIVE DEFENSE

All damages suffered by Plaintiff were caused in whole or in part as a result of her own actions or the actions of others, for which Defendant has no liability.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is not liable for punitive damages, because of its good faith efforts to comply with all equal employment opportunity laws, including, but not limited to M.G.L. c. 151B.  It is further not liable for such damages because it did not act in bad faith and/or did not commit any malicious act, nor did it authorize or ratify such an act.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant took reasonable care to avoid discriminating conduct, and other forms of improper behavior, by persons for whom Defendant is responsible.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to adequately exhaust her administrative remedies and/or failure to fulfill the procedural and/or administrative and/or jurisdictional prerequisites for maintaining this action.

### TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer to add such affirmative defenses as discovery and investigation may warrant.

WHEREFORE, Defendant respectfully requests that:

1. The Complaint be dismissed with prejudice;
2. Each and every prayer for relief in the Complaint be denied;
3. Judgment be entered in favor of Defendant;

4. Defendant be awarded its costs, attorneys' fees, and expenses in the amount and manner permitted by applicable law; and

5. Such other relief as this Court deems just and proper.

Respectfully submitted,

Defendant Cracker Barrel Old Country Store, Inc.

By its Attorneys,

/s/*Nicole S. Corvini*
Jaclyn L. Kugell (BBO # 561622)
Nicole S. Corvini (BBO #670587)
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109
(617) 523-6666
fax: (617) 367-3125
jkugell@morganbrown.com
ncorvini@morganbrown.com

Dated: April 12, 2012

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 12, 2012

/s/*Nicole S. Corvini*
Nicole S. Corvini